UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 18-mc-80460-Dimitrouleas/Matthewman

THOMAS D'AGOSTINO, SR.,
an individual,

    Plaintiff,

vs.

FREDERICK J. KEITEL, III,
an individual,

    Defendant.
_____/



## ORDER DENYING JUDGMENT DEBTOR KEITEL'S MOTION TO VACATE [DE 29]

THIS CAUSE is before the Court upon Judgment Debtor, Frederick J. Keitel, III's ("Judgment Debtor") Satisfaction of Recorded Judgment and Motion to Vacate Order Denying Judgment Debtor Keitel's Motion for Protective Order as Moot and Vacate as Moot Order Ordering Judgment Debtor to Appear for Deposition on December 19, 2018 at 10:00 a.m. at the West Palm Beach Office of Shutts & Bowen LLP ("Motion") [DE 29]. This matter was referred to the undersigned by United States District Judge William P. Dimitrouleas. *See* DE 4. Judgment Creditor, Thomas D'Agostino, Sr. ("Judgment Creditor"), has filed a Response in Opposition to Debtor's Motion for Protective Order [DE 31], and Judgment Debtor has failed to file a timely reply.

### I.    BACKGROUND

Judgment Creditor has been attempting for months to take the deposition of Judgment Debtor without success due to the actions of Judgment Debtor. In this regard, Judgment

1

Debtor's deposition was initially scheduled for October 10, 2018. *See* DEs 10, 13. Judgment Debtor failed to appear for his deposition and filed a Motion for Protective Order [DE 14] on October 11, 2018, the day after the scheduled deposition. On November 6, 2018, the Court entered an Order Denying Judgment Debtor Keitel's Motion for Protective Order and Ordering Judgment Debtor to Appear for Deposition on November 16, 2018, at 10:00 a.m. at the Office of Judgment Creditor's Counsel [DE 18], finding that Judgment Debtor had filed his motion for protective order to frustrate Judgment Creditor and improperly delay his deposition. The Court also granted Judgment Creditor's request for attorney's fees and costs. *Id.* at p. 3.

Judgment Debtor failed to appear for his November 16, 2018 deposition and instead filed a Motion for Protective Order [DE 22] on the same date. On December 11, 2018, the Court entered an Order Denying Judgment Debtor Keitel's Motion for Protective Order and Ordering Judgment Debtor to Appear for Deposition on December 19, 2018, at 10:00 a.m. at the West Palm Beach Office of Shutts & Bowen LLP [DE 27], again finding that Judgment Debtor had filed his motion for protective order to once again frustrate Judgment Creditor and improperly delay his deposition. The Court also granted Judgment Creditor's request for attorney's fees and costs. *Id.* at p. 4.

## II. JUDGMENT DEBTOR'S MOTION TO VACATE

In the current Motion to Vacate [DE 29], Judgment Debtor argues that he has paid the full recorded judgment in this case, so there is no longer a valid reason for his deposition. Judgment Debtor then makes several allegations about Judgment Creditor's counsel. *Id.* at p. 2. Judgment Debtor contends that he has requested invoices for legal fees, costs, and expenses from Judgment Creditor's counsel so that he can "immediately pay any and all reasonable fees to

Shutts and Bowen upon inspection of the invoices." *Id.* at pp. 2-3. Judgment Debtor emphasizes that he cannot afford to pay "Shutts & Bowens [sic] legal fees, costs and expenses to sit for a deposition by multiple lawyers that can go on for a [sic] $5,338,36 [sic] and defendant [sic]." *Id.* at p. 3. Judgment Debtor acknowledges that he did not confer with opposing counsel before filing the Motion. *Id.* He seeks an order doing the following: (1) confirming satisfaction of the payment of the recorded judgment in this case; (2) vacating the Court's December 11, 2018 Order [DE 27], or, in the alternative, issuing a protective order; (3) striking Judgment Creditor's request for legal fees ordered in Docket Entry 27; (4) referring Attorney Christu's threats against his lender/banker to the Florida Bar; (5) requiring Shutts & Bowen to product any invoices for any possible fees prior to satisfaction; and (6) disallowing any attorney's fees from the date of the payment of the recorded satisfaction. *Id.*

## III. JUDGMENT CREDITOR'S RESPONSE

In response, Judgment Creditor explains that Judgment Debtor indicated for the first time on December 18, 2018, that he wanted to pay $5,429.90 with a credit card to satisfy the judgment underlying this collection proceeding. [DE 31, p. 2]. Judgment Debtor also claimed that he would pay certain attorney's fees incurred in connection with this action after reviewing the legal invoices. *Id.* On December 18, 2018, at approximately 4:59 p.m., Judgment Debtor made a wire transfer of $5,500.00, without Judgment Creditor's counsel's agreement that such amount would be sufficient. *Id.* at pp. 2-3. At 5:20 p.m., Judgment Creditor's counsel advised Judgment Debtor that the payment "was not sufficient to conclude this matter and that D'Agostino intended to proceed with the Court ordered deposition." *Id.* at p. 3. According to Judgment Creditor, Judgment Debtor did not appear for his deposition on December 19, 2018.

3

*Id.*

Judgment Creditor argues that the Motion should be denied because "it is a patently obvious attempt to continue to harass D'Agostino." [DE 31, p. 3]. Judgment Creditor argues that Judgment Debtor has known since November 7, 2018, that Judgment Creditor demanded payment of attorney's fees. *Id.* Judgment Creditor also points out that Judgment Debtor has not yet paid the $1,422.50 in attorney's fees that the Court previously ordered. *Id.* Judgment Creditor further emphasizes that Judgment Debtor again waited until the last minute—the day before his court-ordered deposition—to wire a payment. *Id.* at p. 4. Judgment Creditor contends that Judgment Debtor had no right to fail to appear at his court-ordered deposition and that Judgment Debtor "willfully and contumaciously" ignored the Court's last Order. *Id.* Judgment Creditor requests that the Court deny the Motion, award Judgment Creditor his reasonable attorney's fees and costs, and issue an order to show cause why Judgment Debtor should not be held in contempt of court. *Id.* at p. 5.

## IV. <u>DISCUSSION</u>

The Court has carefully reviewed the Motion, response, the Court's prior Orders, and the entire docket in this case. The Motion filed by Judgment Debtor is due to be denied.

First, the Court notes that Judgment Debtor failed to confer with Judgment Creditor before filing his Motion. Failure to certify conferral under Local Rule 7.1(a)(3) is grounds for denial of a motion. *See* L.R. 7.1(a)(3) ("Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee."); *see also Incardone v.*

*Royal Carribean Cruises, Ltd.*, No. 16-20924-CIV, 2018 WL 6520934, at *4 (S.D. Fla. Dec. 11, 2018). Judgment Debtor's failure to confer as required by our Local Rules will not be tolerated by this Court. Accordingly, Judgment Debtor's Motion is denied due to his failure to comply with Local Rule 7.1(a)(3).

Second, the Motion is also denied on the merits. This is because Judgment Debtor Keitel has not established any grounds whatsoever for vacating the Court's prior Order [DE 27] and has not established good cause for a protective order. The Court's Order was properly entered and was based on sound analysis of the facts of the case and the applicable law. Judgment Debtor simply opted to not attend his court-ordered deposition without the permission of the Court or the agreement of Judgment Creditor. Judgment Debtor has provided some funds to Judgment Creditor, but even he acknowledges that he owes attorney's fees. Therefore, the matter is not completely resolved.

Third, the Court will not enter a satisfaction of judgment as this is not a proper action to be undertaken by the Court. Parties are permitted to file their own notice of satisfaction of a judgment with supporting documentation when appropriate.

Fourth, the Court is disturbed by Judgment Debtor's allegations against counsel for Judgment Creditor. Judgment Debtor has not provided any credible evidence to support his allegations, and the Court will give the allegations no credence at this juncture.

In sum, Judgment Debtor has ignored several Court Orders and has repeatedly failed to attend his deposition. Moreover, Judgment Debtor has been obstructionist and dilatory throughout these proceedings. He could have simply paid the amount of the final judgment back in April 2018 and avoided all of the costly litigation and use of court resources that

followed. In light of the foregoing, the Court will issue a separate order to show cause as to why Judgment Debtor should not be held in contempt of court, which will also set a show cause hearing.

Accordingly, it is hereby **ORDERED** as follows:

1. Judgment Debtor's Satisfaction of Recorded Judgment and Motion to Vacate Order Denying Judgment Debtor Keitel's Motion for Protective Order as Moot and Vacate as Moot Order Ordering Judgment Debtor to Appear for Deposition on December 19, 2018 at 10:00 a.m. at the West Palm Beach Office of Shutts & Bowen LLP [DE 29] is **DENIED**.

2. Judgment Creditor's request for attorney's fees and costs is **GRANTED** pursuant to Federal Rule of Civil Procedure 37 and Local Rule 7.1.(a)(3). The Court will impose an award of reasonable attorney's fees, costs, and expenses against Judgment Debtor for the time incurred by Judgment Creditor in reviewing Judgment Debtor's Motion [DE 29] and responding to it and the costs incurred in retaining a court reporter for the failed December 19, 2018 deposition. The Court, therefore, directs counsel for Judgment Creditor to file, on or before **January 16, 2019**, a memorandum that addresses the hourly rate of counsel, the time expended, the amount of reasonable attorney's fees that Judgment Creditor incurred completing the above described activities, as well as any costs or expenses incurred (including court reporter expenses and/or costs). Judgment Creditor's counsel may attach an affidavit or affidavits regarding his attorney's fees and costs incurred if he wishes to do so. Judgment Debtor shall then have until on or before **January 25, 2019**, to file a memorandum

responding and/or objecting to the amount of attorney's fees and costs sought by Judgment Creditor. Thereafter, Judgment Creditor shall have until on or before **February 1, 2019**, to file his reply. Thereafter, the Court will determine the amount of attorney's fees and costs to be paid by Judgment Debtor to Judgment Creditor and enter a further Order directing such payment.

3. The parties are encouraged to confer in an attempt to resolve the issue of any additional attorney's fees owed to Judgment Creditor.

4. Judgment Creditor is **DIRECTED** to forthwith email a copy of this Order to Judgment Debtor.

5. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Frederick J. Keitel, III, P.O. Box 3243, Palm Beach, Florida 33480.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 4th day of January, 2019.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE