UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 18-mc-80460-Dimitrouleas/Matthewman

THOMAS D'AGOSTINO, SR.,
an individual,

    Plaintiff,

vs.

FREDERICK J. KEITEL, III,
an individual,

    Defendant.

_____/



FILED BY _____ D.C.

FEB 01 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER AWARDING ATTORNEY'S FEES TO JUDGMENT CREDITOR D'AGOSTINO AND AGAINST JUDGMENT DEBTOR KEITEL

THIS CAUSE is before the Court upon Judgment Creditor, Thomas D'Agostino, Sr.'s ("Judgment Creditor") Memorandum as to Attorney's Fees and Costs ("Memorandum") [DE 35]. Judgment Debtor, Frederick J. Keitel, III ("Judgment Debtor"), has failed to file a timely response to the Memorandum. The Court has carefully reviewed the Memorandum and the Court's prior Orders, as well the entire docket in this case.

### BACKGROUND

On January 4, 2019, the undersigned entered an Order Denying Judgment Debtor Keitel's Motion to Vacate [DE 32]. In that Order, the Court granted Judgment Creditor's request for an award of attorney's fees, costs, and expenses against Judgment Debtor for the time incurred by Judgment Creditor in having to review Judgment Debtor's Satisfaction of Recorded Judgment and Motion to Vacate Order Denying Judgment Debtor Keitel's Motion for Protective Order as Moot and Vacate as Moot Order Ordering Judgment Debtor to Appear for Deposition on

1

December 19, 2018 at 10:00 a.m. at the West Palm Beach Office of Shutts & Bowen [DE 29] ("Motion to Vacate") and respond to it, as well as the costs incurred in retaining a court reporter. *Id.* at p. 6. The Court directed counsel for Judgment Creditor to file a memorandum that addressed the hourly rate of counsel, the time expended, the amount of reasonable attorney's fees that Judgment Creditor incurred, and any costs or expenses incurred. *Id.* The Court also directed Judgment Debtor to file a memorandum responding and/or objecting to the amount of attorney's fees and costs sought by Judgment Creditor, including the hourly rate of counsel and time claimed to have been expended by Judgment Creditor's counsel. *Id.* at pp. 6-7. Finally, the Court provided Judgment Creditor with an opportunity to file a reply. *Id.* at p. 7.

Judgment Creditor filed his Memorandum on January 16, 2019. He contends that his counsel spent 4.5 hours at rates of $340, $450, and $525 per hour reviewing Judgment Debtor's Motion to Vacate and preparing the response to Judgment Debtor's Motion for Protective Order. [DE 35, pp. 3-4]. Judgment Creditor is also seeking $450 in costs for the court reporter and videographer. *Id.* at p. 4.

Judgment Debtor Keitel has not filed any response or objection to the attorney's fees and costs claims despite having been directed by this Court to file a memorandum. [DE 32, pp. 6-7]. Therefore, pursuant to the Local Rules, the Court awards Judgment Creditor the attorney's fees and costs he requests by default due to Judgment Debtor's failure to respond. *See* S.D. Fla. 7.1(c). The also independently awards the attorney's fees and costs sought by Judgment Creditor on the merits, as discussed below.

# LEGAL STANDARD

### A. <u>Attorney's Fees</u>

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (*quoting Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained by the attorney. *See Barnes*, 168 F.3d at 427 (*citing Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)).

With regard to the type of evidence that the fee claimant should produce in support of a claim, in *Barnes*, the Eleventh Circuit has stated,

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity .... A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* (citations omitted).

168 F.3d at 427.

### 1. Reasonable Hourly Rate

All three of Judgment Creditor's attorneys listed in the Memorandum are employed at the law firm of Shutts & Bowen in Miami, Florida. Judgment Creditor is seeking a rate of $340 per

hour for Jonathan P. Hart, Esq. [DE 35, p. 3]. Mr. Hart's standard rate is $370 per hour, but he has agreed to a discounted hourly rate in this case. *Id.* Judgment Creditor is seeking a rate of $450 per hour for Scott H. Silver, Esq. *Id.* Mr. Silver has extensive experience in post-judgment collection matters. *Id.* at p. 4. Finally, Judgment Creditor is seeking a rate of $525 for Eric Christu, Esq. *Id.* Mr. Christu's standard rate is $625 per hour, but he has agreed to a discounted hourly rate in this case. *Id.*

Based upon the record evidence, the docket, and the Court's own experience in assessing the reasonableness of attorney's fees, this Court finds that the attorneys' hourly rates are reasonable in comparison to the prevailing market rate in the relevant legal community. The Court also notes that Judgment Creditor has not objected to the hourly rates.

2. **Number of Hours Reasonably Expended**

Next the Court must determine whether the hours billed were reasonable. Judgment Creditor's counsel spent 4.5 hours total on reviewing Judgment Debtor's Motion to Vacate and responding to it. [DE 35, p. 3]. Mr. Hart billed 2.5 hours, Mr. Siler billed 0.6 hours, and Mr. Christu billed 1.4 hours. *Id.* In the Memorandum, Judgment Creditor explains that "[i]t was reasonable and necessary for D'Agostino to employ the services of each of these attorneys, and the use of these attorneys created efficiency in the response process." *Id.* at p. 4. Judgment Creditor also states that Mr. Silver has extensive experience regarding collection, and Mr. Christu and Mr. Hart "have been involved in litigation with Mr. Keitel since 2013 and possess factual knowledge that is necessary in assisting Mr. Silver in this collection action." *Id.*

In light of Judgment Creditor's representation and using its own independent judgment, the Court finds that the time billed was reasonable. The Court also notes that Judgment Debtor

has not objected to the hours claimed by counsel. Therefore, the total fee award is $1,855.00.

**B.     Costs**

Judgment Creditor is requesting $450 in costs for the court reporter and videographer. The Court finds this amount in costs to be reasonable. The Court also notes that it previously found that Judgment Creditor was entitled to such costs [DE 33], that Judgment Creditor has properly attached the invoices to his Memorandum, and that Judgment Debtor has not objected to the costs sought.

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Judgment Debtor is ORDERED to pay, and shall pay, Judgment Creditor his attorney's fees and costs in the total amount of **$2,305.00** ($1,855.00 in attorney's fees and $450.00 in costs).

2. Judgment Debtor is ORDERED to make such payment in the amount of $2,305.00 to Judgment Creditor's counsel on or before **March 13, 2019**.

3. If Judgment Debtor fails to make full payment of $2,305.00 to Judgment Creditor's counsel by March 13, 2019, Judgment Creditor may file a motion for entry of judgment against Judgment Debtor and/or for any further appropriate relief.

4. **JUDGMENT DEBTOR IS HEREBY ADVISED THAT, IF HE FAILS TO FULLY COMPLY WITH THIS ORDER AND FAILS TO PAY THE AWARD OF ATTORNEY'S FEES AS ORDERED BY THIS COURT, A JUDGMENT MAY BE ENTERED AGAINST HIM, CONTEMPT PROCEEDINGS MAY BE INSTITUTED AGAINST HIM, AND HE MAY BE FOUND IN CONTEMPT OF**

**COURT. ADDITIONALLY, FURTHER SANCTIONS MAY BE IMPOSED UPON HIM, INCLUDING BUT NOT LIMITED TO A FURTHER AWARD OF COSTS AND ATTORNEY'S FEES.**

5. Judgment Creditor is **DIRECTED** to forthwith email a copy of this Order to Judgment Debtor.

6. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Judgment Debtor Frederick J. Keitel, III, P.O. Box 3243, Palm Beach, Florida 33480.

**DONE AND ORDERED** in Chambers this 1st day of February, 2019 at West Palm Beach, Palm Beach County, in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE